**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GROCERY OUTLET INC., | |
| Plaintiff, | No. C 06-02173 JSW |
| v. | |
| ALBERTSON'S, INC., AMERICAN STORES COMPANY, LLC, and LUCKY STORES, INC., | **NOTICE OF TENTATIVE RULING AND QUESTIONS** |
| Defendants. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON APRIL 4, 2006 AT 9:30 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively GRANTS** Defendants' motion for temporary restraining order.

The parties shall have 15 minutes to address the following questions:

1. What is the status of Plaintiff Grocery Outlet's intent to use application filed with the Patent and Trademark Office on January 23, 2006? Is there any reason Plaintiff opened the store in Rocklin prior to adjudication of its entitlement to use the LUCKY mark either by this Court or by the PTO?

2. Whose burden is it in this procedural posture to come forward with evidence regarding the abandonment defense? If Plaintiff can demonstrate by clear and convincing evidence that Albertson's has not used the disputed mark in the past three years, in the context of a temporary restraining order, does the burden shift to Albertson's to rebut the prima facie evidence of abandonment by nonuse? What evidence is there of use or nonuse? What evidence is there of intent to resume or not to resume its use?

3. What specific discovery and schedule for discovery would both parties request should the Court grant the motion? What is the parties' preferred briefing and hearing schedule for Defendants' motion for a preliminary injunction in light of the Court's intent to grant expedited reciprocal discovery?

4. What would be the appropriate bond amount should the Court grant the temporary restraining order?

5. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: April 3, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2