IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GROCERY OUTLET INC.,

    Plaintiff,

v.

ALBERTSON'S, INC., AMERICAN STORES COMPANY, LLC, and LUCKY STORES, INC.,

    Defendants.

No. C 06-02173 JSW

**ORDER ISSUING STAY OF ENTIRE MATTER**

At the case management conference held on August 25, 2006, Plaintiff Grocery Outlet requested that the Court stay the underlying matter pending resolution the appeal and cross-appeal of this Court's July 7, 2006 order granting a preliminary injunction for Albertsons and denying a preliminary injunction for Grocery Outlet. Albertsons objected to the request and asked that the Court set dates and case deadlines.

Generally "an appeal from an order granting or denying a preliminary injunction does not divest the district court of jurisdiction to proceed with the action on the merits." *See Moltan Co. v. Eagle-Picher Industries, Inc.*, 55 F.3d 1171, 1174 (6th Cir. 1995) (citing 9 M. Moore, B. Ward & J. Lucas, Moore's Federal Practice ¶ 203.11, at 3-54 (2d ed. 1989); *see also Independent Living Center of Southern California, et al., v. Leavitt*, 2006 U.S. Dist LEXIS 44316 at *9 n.4 (E.D. Cal. 2006) (citing *Moltan*, 55 F.3d at 1174) ("[A]n appeal from a preliminary injunction does not deprive a district court of jurisdiction.") However, the appeal of the preliminary injunction order divests the district court of jurisdiction over the matters appealed. *Pyrodyne Corp. v. Pyrotronics Corp.*, 847 F.2d 1398, 1403 (9th Cir. 1988) (citations

omitted). "A district court does retain the power to preserve the status quo while the case is pending in the appellate court; however it cannot finally adjudicate substantial rights involved in the appeal." *Id.*

Here, the Court finds that its preliminary injunction order, which is currently before the Ninth Circuit on both parties' appeals, addresses the core legal and factual issues to be finally resolved by this case. Therefore, whether or not this Court is technically divested of jurisdiction, it finds it is prudent to exercise its discretion to maintain the status quo and not proceed to finally adjudicate the substantial rights involved in the appeal.

Furthermore, a district court has discretion to manage its docket and "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court. ... In such cases the court may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) (citations omitted).

Therefore, the Court issues a STAY of this matter pending resolution of Grocery Outlet's appeal and Albertsons' cross-appeal of the preliminary injunction order dated July 7, 2006.

**IT IS SO ORDERED.**

Dated: August 28, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE