Peter W. Craigie, State Bar No. 99509
Craigie, McCarthy & Clow
540 Pacific Avenue
San Francisco, California 94133
Telephone: 415-732-7788
Facsimile: 415-732-7783
E-mail: craigielaw@aol.com

Louis T. Pirkey
Pirkey Barber LLP
600 Congress Avenue, Suite 2120
Austin, Texas 78701
Telephone: 512-322-5200
Facsimile: 512-322-5201
E-mail: lpirkey@pirkeybarber.com

Attorneys for Plaintiff
Grocery Outlet Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| Grocery Outlet Inc., | Civil Action No.  C 06-2173 JSW |
| Plaintiff, | **PLAINTIFF'S FOURTH AMENDED COMPLAINT** |
| v. | |
| American Stores Company, LLC, New Albertson's, Inc., Albertson's LLC, and Save Mart Supermarkets, | |
| Defendants. | |

1.     Plaintiff, Grocery Outlet Inc. ("Grocery Outlet"), appearing through its undersigned counsel, alleges as follows, based on first-hand knowledge and on information and belief:

### Nature of Action

2.     This is an action for a declaration of rights, cancellation of trademark registrations, trademark infringement, unfair competition, and equitable estoppel under the Trademark Act of

Fourth Amended Complaint
C06-02173 JSW

DOCUMENT PREPARED
ON RECYCLED PAPER

1946, as amended ("Lanham Act"), 15 U.S.C. § 1051 *et seq.*, and under the common and statutory law of California and Nevada.

3.     A case of actual controversy within this Court's jurisdiction exists between the parties concerning these rights. This Court is authorized to declare the rights of the parties in this case pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201-2202 and CALIF. CIV. PROC. CODE §§ 1060-1062.5, and is authorized to cancel the federal registrations of the defendants under 15 U.S.C. § 1119, and to order the Secretaries of State of California and Nevada to cancel the registrations in those states under CAL. BUS. & PROF. CODE § 14281(a) and NEV. REV. STAT. § 600.390(3)(a).

**Jurisdiction and Venue**

4.     This Court has subject matter jurisdiction over this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121; and under the jurisdictional provisions of Title 28 of the United States Code, 28 U.S.C. §§ 1331, 1338, and 1367.

5.     The matter in controversy in this action exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. Therefore, this Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332.

**Intradistrict Assignment**

6.     Plaintiff Grocery Outlet is a California corporation having its principal place of business at 2000 Fifth Street, Berkeley, CA 94710-1918. Pursuant to Civil Local Rule 3-2(d), this case has been assigned to the San Francisco Division.

**Parties**

7.     Grocery Outlet is a California corporation having its principal place of business at 2000 Fifth Street, Berkeley, CA 94710-1918.

8.     Defendants American Stores Company, LLC ("American Stores") and Albertson's LLC are Delaware limited liability companies. Defendant New Albertson's, Inc. is a Delaware corporation. All three defendants have a principal place of business at 250 East Parkcenter Blvd., Boise, ID 83726. Defendant Save Mart Supermarkets ("Save Mart") is a California corporation

- 2 -     Fourth Amended Complaint
C06-02173 JSW

1  with a principal place of business at 1800 Standiford Ave., Modesto, CA  95350.  Defendants are

2  collectively referred to herein as "defendants."

3  **Grocery Outlet's Business and the LUCKY Mark**

4  9.     Grocery Outlet is a privately held company established in San Francisco in 1946.

5  Grocery Outlet offers consumers grocery, household, and health and beauty care products at

6  bargain prices.  Over the past six decades, Grocery Outlet has grown into one of the largest

7  extreme value grocers in the United States, with 124 stores in California, Nevada, Arizona,

8  Oregon, Washington, Idaho, and Hawaii ("the Grocery Outlet territory").

9  10.    On January 23, 2006, Grocery Outlet filed with the U.S. Patent and Trademark

10 Office ("PTO") an intent to use application, Serial No. 78/797,105, for the mark LUCKY for

11 "Retail grocery store services; discount grocery store services; and extreme value grocery store

12 services," as well as numerous products ("the LUCKY mark").

13 11.    Grocery Outlet opened its first grocery store using the LUCKY mark in California

14 on April 1, 2006, and plans to use the LUCKY mark elsewhere in the Grocery Outlet territory.

15 **Defendants and Their Abandonment of the LUCKY Mark**

16 12.    Albertson's, Inc. ("Albertson's"), the predecessor-in-interest of one or more of the

17 defendants, was one of the largest grocery chains in the United States.  In August 1998,

18 Albertson's agreed to purchase the corporate predecessor of defendant American Stores, which

19 owned a chain of grocery stores that operated under the LUCKY mark in California and Nevada.

20 Following consummation of the merger, on or about November 3, 1999, Albertson's converted all

21 the grocery stores formerly known as LUCKY stores and rebranded them using the

22 ALBERTSONS trademark ("the conversion").  All store signs, graphics, and any signage bearing

23 the LUCKY mark were removed from the stores, inside and out, and from company offices,

24 vehicles, advertising, uniforms, etc., and replaced with ALBERTSONS or other marks.

25 Albertson's also took other steps in support of the conversion, such as discontinuing the Lucky

26 Rewards Card in favor of its Bonus Buy Program, phasing out use of the LUCKY private label on

27 products, and dumping vast amounts of remaining private-label products for resale by others with

28 no quality control instructions.  The conversion was accompanied by extensive publicity by

defendants announcing the name change and confirming, in effect, that defendants were abandoning the LUCKY mark in favor of the ALBERTSONS brand.

13.     After the conversion more than eight years ago, defendants ceased bona fide use of the LUCKY mark in the ordinary course of trade.  Thus, the period of nonuse exceeds three consecutive years.

14.     Circumstances surrounding the replacement of the LUCKY mark with the ALBERTSONS mark on all defendants' grocery stores formerly branded LUCKY and removal of LUCKY branded products from their stores imply that defendants and their predecessors-in-interest, at the time of the conversion, did not intend to resume bona fide use of the LUCKY mark in the ordinary course of their trade.  Rather, use of the LUCKY mark by defendants since the conversion has been infringing or merely to reserve a right in the mark.

15.     If defendants or their predecessors-in-interest at any time formed an intent to resume use of the LUCKY mark prior to April 4, 2006, that intent was kept secret and was known only to defendants and their agents.  Any such intent was never announced to the public and was not known, nor could it reasonably have been known, to Grocery Outlet.

16.     The LUCKY mark was thus abandoned by defendants in the 1999 time frame.

17.     Upon its abandonment, the LUCKY mark ceased to be owned by defendants, and defendants are not now the owners of the LUCKY mark.

18.     After this Action was filed and served on defendants, beginning on or about April 4, 2006, defendants began running print and radio advertisements in California incorporating the LUCKY mark.  In addition, on or about April 4, 2006, defendants added the LUCKY mark to their web site, www.albertsons.com – despite the fact that the LUCKY mark apparently never before appeared on that web site.

19.     In June 2006, Albertson's, Inc. was converted into defendant Albertson's LLC and sold.  In February 2007, Albertson's LLC sold 130 ALBERTSONS grocery stores in Northern California and Nevada to Defendant Save Mart and agreed to sublicense use of the LUCKY mark to Save Mart.

DOCUMENT PREPARED
ON RECYCLED PAPER

20.     Save Mart converted 72 former ALBERTSONS stores in Northern California to the LUCKY banner during the summer and fall of 2007 and continues to operate those stores under the LUCKY mark.

21.     Defendants or their predecessors-in-interest began or resumed using the LUCKY mark on grocery storefronts and licensing its use after Grocery Outlet filed its application to register that mark and after Grocery Outlet began using the LUCKY mark in association with its grocery store services.

### Grocery Outlet's Reasonable Apprehension of Imminent Litigation

22.     On March 14, 2006, Grocery Outlet received a letter from counsel for Albertson's and defendant American Stores demanding that Grocery Outlet cease and desist from any use of the LUCKY mark and alleging that Grocery Outlet's use of the LUCKY mark would infringe defendants' rights in that mark.  The letter also requested that Grocery Outlet immediately file an Express Abandonment of its LUCKY application.  In that letter, counsel for the defendants wrote: "If Grocery Outlet fails to advise us by March 28, 2006, that it will cease and desist from all use of the subject mark, our client may, without further notice, take such legal action as it deems advisable to assert its rights to protect its interests."

23.     Defendants' claims and demands have created a reasonable apprehension of litigation and have placed a cloud over Grocery Outlet's ability to use the LUCKY mark in connection with its business.

24.     Long after the defendants' abandonment of the LUCKY mark, Grocery Outlet invested, and continues to invest, substantial resources in the development of the LUCKY mark. Defendants' allegations have created uncertainty regarding Grocery Outlet's continuing ability to use its mark.

25.     Defendants' allegations regarding Grocery Outlet's use of the LUCKY mark brings Grocery Outlet into adversarial conflict with defendants.

26.     An actual controversy exists between the parties based on defendants' claims and demands.

27. So that it may use the LUCKY mark without interference from defendants, Grocery Outlet desires to promptly resolve this controversy and establish that it is not infringing any protectable rights of, or unfairly competing with, defendants.

**COUNT I:  DECLARATION THAT GROCERY OUTLET'S USE OF THE "LUCKY" MARK DOES NOT CONSTITUTE INFRINGEMENT OR UNFAIR COMPETITION, OR GIVE RISE TO ANY OTHER TRADEMARK-BASED ACTION**

28. Grocery Outlet repeats the allegations above as if fully set forth herein.

29. Defendants have no protectable interest in the LUCKY mark, so Grocery Outlet's use of the LUCKY mark does not constitute infringement or unfair competition, and does not otherwise violate any rights of defendants under the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125, or under the statutory or common law of the State of California.

**COUNT II:  VIOLATION OF LANHAM ACT SECTION 43(a)**

30. Grocery Outlet repeats the allegations above as if fully set forth herein.

31. The actions of defendants are likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, at least as to some affiliation, connection, or association of defendants with Grocery Outlet, or as to the origin, sponsorship, or approval of defendants' goods, services, or commercial activities by Grocery Outlet.

32. Defendants' actions constitute trademark infringement and unfair competition in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

33. Defendants' acts of infringement and unfair competition complained of herein have been malicious, fraudulent, deliberate, willful, intentional, and in bad faith, with full knowledge and conscious disregard of Grocery Outlet's rights.  In view of the egregious nature of defendants' actions, this is an exceptional case within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

**COUNT III:  TRADEMARK INFRINGEMENT UNDER CALIFORNIA LAW**

34. Grocery Outlet repeats the allegations above as if fully set forth herein.

35. Defendants' actions constitute infringement of Grocery Outlet's LUCKY mark in violation of the common law of the State of California.

1

**COUNT IV:  UNFAIR COMPETITION UNDER CALIFORNIA LAW**

2

36.     Grocery Outlet repeats the allegations above as if fully set forth herein.

3

37.     Defendants' actions constitute unfair competition in violation of CAL. BUS. &

4

PROF. CODE § 17200 et seq.

5

38.     Defendants' unfair competition has been willful and malicious.

6

**COUNT V:  EQUITABLE ESTOPPEL**

7

39.     Grocery Outlet repeats the allegations above as if fully set forth herein.

8

40.     Grocery Outlet reasonably and detrimentally relied on defendants' and their

9

predecessors'-in-interest public declarations that they ceased use of the LUCKY mark in 1999,

10

and their conduct in conformity with those public declarations, by adopting, using, and making

11

sales under the LUCKY mark for retail, discount, and extreme value grocery store services.

12

41.     Defendants are equitably estopped from claiming an intent to resume use of the

13

LUCKY mark prior to use of that mark by Grocery Outlet.

14
**COUNT VI:  PETITION TO CANCEL CALIFORNIA TRADEMARK REGISTRATIONS
OWNED BY DEFENDANTS NEW ALBERTSON'S, INC.**

15
**AND AMERICAN STORES CO., LLC**

16

42.     Grocery Outlet repeats the allegations above as if fully set forth herein.

17

43.     Grocery Outlet petitions the Court to cancel the following four trademark

18

registrations because they have been abandoned pursuant to 15 U.S.C. §§ 1064(3) and 1127 and

19

CAL. BUS. & PROF. CODE §§ 14281-82:

| rEGISTRATION # / renewal registration # | MARK | GOODS & SERVICES | owner |
|---|---|---|---|
| 7 / 05225 | LUCKY | Retail grocery service. | New Albertson's, Inc. |
| 34,163 / 5467 | LUCKY ORIENTAL KITCHEN | Takeout food and catering services. | New Albertson's, Inc. |
| 40,315 / 16,093 | LUCKY | Whisky, vodka and gin. | New Albertson's, Inc. |

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

Fourth Amended Complaint
C06-02173 JSW

| rEGISTRATION # / renewal registration # | MARK | GOODS & SERVICES | owner |
|---|---|---|---|
| 45,385 / 14,917 | LUCKY | Paper towels and aluminum foil for cooking, wrapping and household use. | American Stores Co., LLC |

**COUNT VII:  PETITION TO CANCEL FEDERAL TRADEMARK REGISTRATIONS OWNED BY DEFENDANTS**

44.      Grocery Outlet repeats the allegations above as if fully set forth herein.

45.      Grocery Outlet petitions the Court to cancel the following thirteen federal trademark registrations because they have been abandoned pursuant to 15 U.S.C. §§ 1064(3) and 1127:

| REGISTRATION NO. | MARK | GOODS & SERVICES |
|---|---|---|
| 1,543,066 | LUCKY | Supermarket and grocery store services. |
| 2,294,426 | LUCKY | Artificial sweeteners and salt pellets used to condition water. |
| 2,320,768 | LUCKY | Bath tissue, facial tissue, toilet tissue, paper towels, plastic storage bags, sandwich bags, etc. |
| 2,334,824 | LUCKY | Applesauce; baked beans; breakfast drinks, namely milk; butter; canned beans; canned fruits, etc. |
| 2,334,825 | LUCKY | Baking soda; barbecue sauce; break crumbs; breakfast cereal; cheese; cocoa mix; coffee, etc. |
| 2,325,672 | LUCKY | All purpose cleaning preparations, dishwashing detergents, floor wax, laundry detergent, etc. |
| 2,325,695 | LUCKY | Raw nuts and unpopped popcorn. |
| 2,557,599 | LUCKY | Candles, sold or distributed in supermarkets, convenience stores, drug stores, etc. |

Fourth Amended Complaint
C06-02173 JSW

DOCUMENT PREPARED
ON RECYCLED PAPER

| REGISTRATION NO. | MARK | GOODS & SERVICES |
|---|---|---|
| 2,633,764 | LUCKY | Bottled drinking water; fruit and vegetable juices; powdered mixes for making lemonade, etc. |
| 1,469,513 | LUCKY PRODUCE 100% FRESH 100% GUARANTEED | Grocery store and supermarket services. |
| 2,193,052 | LUCKY MEANS LOW PRICES | Retail supermarket and general merchandise store services. |
| 2,644,877 | LUCKY REWARDS CARD SAV-ON | Electronic coupon cards for use in retail store promotional activities and discount services |
| 2,900,956 | LUCKY SAV ON FOOD & DRUG STORE | Retail supermarket and drug store services featuring food, drugs, household goods, automotive, etc. |

**COUNT VIII:  PETITION TO CANCEL NEVADA TRADEMARK REGISTRATION OWNED BY DEFENDANT NEW ALBERTSON'S, INC.**

46.     Grocery Outlet repeats the allegations above as if fully set forth herein.

47.     Grocery Outlet petitions the Court to order cancellation of the Nevada state trademark registration for LUCKY for supermarket and grocery store services now held by defendant New Albertson's, Inc. pursuant to NEV. REV. STAT. § 600.390(3)(a) because it has been abandoned.

**PRAYER**

48.     WHEREFORE, Grocery Outlet Inc. prays for judgment declaring that defendants have abandoned any and all rights they had in the mark LUCKY, and directing the cancellation of the state and federal trademark registrations that consist of or include the mark LUCKY as listed herein.

49.     Grocery Outlet further prays for judgment declaring that its use of the mark LUCKY does not (1) create a likelihood of confusion as to the source or sponsorship of Grocery

Outlet's products; or (2) constitute trademark infringement or unfair competition, or otherwise violate any rights of defendants under federal or state law.

50.     Grocery Outlet further prays that:

a.     Defendants, defendants' agents, servants, employees, attorneys, and all those persons in active concert or participation with them, be permanently enjoined from using Grocery Outlet's LUCKY mark, or any other mark confusingly similar thereto, in any manner whatsoever;

b.     Defendants be ordered to file with this Court and to serve upon Grocery Outlet, within 30 days after the entry and service on defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which defendants have complied with the injunction;

c.     Grocery Outlet recover all damages it has sustained as a result of defendants' trademark infringement and unfair competition, and that said damages be trebled;

d.     An accounting be directed to determine defendants' profits resulting from defendants' activities, and that such profits be paid over to Grocery Outlet, increased as the Court finds to be just under the circumstances of this case;

e.     Grocery Outlet recover its reasonable attorney fees;

f.     Grocery Outlet recover its costs of this action and prejudgment and post-judgment interest; and

g.     Grocery Outlet recover such other relief as the Court may deem appropriate.

Dated: March 20, 2008                    CRAIGIE, McCARTHY & CLOW


                                         ___/s/ Peter W. Craigie_____
                                         Peter W. Craigie
                                         Attorneys for Plaintiff
                                         Grocery Outlet Inc.

DOCUMENT PREPARED
ON RECYCLED PAPER